UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | Case No. 08-30192-DHW |
| Stanley Crawford, ) | Chapter 13 |
| ) | |
| Debtor. ) | |
| ) | |
| ) | |
| Stanley Crawford, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Adversary Proceeding: |
| ) | 12-3033 |
| LVNV FUNDING, LLC, et al, ) | |
| ) | |
| Defendants, ) | |
| ) | |

**PLAINTIFF'S OPPOSITION TO MOTIONS TO DISMISS FILED BY
LVNV FUNDING, LLC (ECF 5) AND
RESURGENT CAPITAL SERVICES, L.P. (ECF 9)**

Comes now the Plaintiff, through undersigned counsel, and files herewith his response to the Motions to Dismiss filed by LVNV (ECF 5) and Resurgent Capital Services, L.P. (ECF 9) and Defendants' joint brief, as follows:

## I. INTRODUCTION

LVNV Funding, LLC (hereinafter "LVNV") and Resurgent Capital Services, L.P. (hereinafter "Resurgent") seek dismissal of the complaint against defendants by the filing of motions to dismiss at ECF 5 and ECF 9, respectively. For the reasons set forth in this response the motions are due to be denied or in the alternative, the Plaintiff should be allowed to amend his complaint and continue the action.

Plaintiff first addresses misstatements contained in the Statement of Facts of LVNV and Resurgent's (hereinafter "LVNV/Resurgent") joint brief (ECF 11) in support of their motions to dismiss.

LVNV/Resurgent's paragraph 2 of the brief states "In said bankruptcy proceeding, Plaintiff listed Heilig-Meyers as a creditor in the 2008 schedules, *pursuant to Plaintiff's default on an account opened with Heilig-Meyers sometime in 2000*. (Plaintiff's Complaint, ¶ 26)." (Emphasis added.) This is a gross misstatement of Plaintiff's paragraph 26 of the complaint which states, "Heilig-Meyers was listed as a creditor in the Debtor's 2008 schedules ***because the prior Chapter 13 was dismissed and as a precaution that a debt buyer could not attempt collection on this time-barred debt***." (Emphasis added.) The Plaintiff did not state that Heilig-Meyers was listed as a creditor in the 2008 schedules pursuant to his default on a Heilig-Meyers account and did not state that Plaintiff opened an account with Heilig-Meyers in 2000.

LVNV/Resurgent's paragraph 3 of the brief states "*Subsequent to Plaintiff opening an account with Heilig-Meyers sometime in 2000*, Heilig-Meyers filed for bankruptcy on August 16, 2000. (Plaintiff's Complaint, ¶ 21)." (Emphasis added.) Plaintiff's paragraph 21 of the complaint states "The Debtor further asserts that Heilig-Meyers filed for bankruptcy protection August 16, 2000." Again, Plaintiff did not state that the Heilig-Meyers account was opened in 2000. In fact, Plaintiff stated in paragraph 20 of the complaint that "he opened an account with Heilig-Meyers more than 13 years ago" and that "he has not utilized his account in more than 13 years." LVNV and Resurgent took it upon themselves to wrongly assert that Plaintiff opened the account with Heilig-Meyers in 2000.

LVNV/Resurgent's paragraph 4 of the brief, citing Plaintiff's Complaint, ¶ 24, states that "Sherman Acquisitions purchased *outstanding* Heilig-Meyers accounts." Paragraph 24 of

Plaintiff's complaint states that "Upon information and belief, on or about September 18, 2001, Sherman Acquisitions purchased Heilig-Meyers accounts." Contrary to Defendants' statement, Plaintiff did not allege that Sherman Acquisition purchased "outstanding" Heilig-Meyers accounts.

## II. STANDARD OF REVIEW

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)*; accord *Ashcroft v. Iqbal, 556 U.S. --, 129 S. Ct. 1937, 173 L. Ed. 2d 868, 884 (2009)*. This "plausibility" standard replaces the traditional standard, under which the movant was required to show "beyond doubt that the plaintiff can prove no set of facts in support of his claim [that] would entitle him to relief." *Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)*. During this threshold review, it is immaterial whether plaintiff will ultimately prevail. *Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974)*. In *Twombly*, the Supreme Court distinguished "plausible" claims from allegations that were merely "conceivable," and stated that the Court "[did] not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id. at 570, 127 S. Ct. at 1974*. The Supreme Court explained that a complaint "does not need detailed factual allegations," but the allegations "must be enough to raise a right to relief above the speculative level." *Id. at 555; 127 S. Ct. at 1964-65*. Furthermore, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Id. at 556, 127 S. Ct. at 1965 (quotation marks omitted). Speaker v. United States HHS CDC & Prevention, 623 F.3d 1371, 1380 (11th Cir. Ga. 2010)*.

6/24/2012 Opposition to LVNV & RESURGENT MTD (ECF 5 & 9)  Page 3 of 10

Case 12-03033    Doc 17    Filed 06/24/12    Entered 06/24/12 20:27:41    Desc Main
Document    Page 3 of 10

Further, the 11th Circuit jurisprudence teaches that a complaint should not be dismissed with prejudice "Where a more carefully drafted pleading might state a claim for relief, the district court should provide the plaintiff at least one opportunity to amend before dismissing with prejudice. See *Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991)*, overturned in part by *Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541, 542 & n.1 (11th Cir. 2002) (en banc).* See *United States v. Connolly, 446 Fed. Appx. 254, 256 (11th Cir. Fla. 2011).*

### III. THE DEFENDANTS, DEBT COLLECTORS, CAN BE LIABLE UNDER THE FDCPA FOR THE CONTENTS OF A PROOF OF CLAIM

The Plaintiff does not argue that a debt collector cannot file a proof of claim. The act of filing of a proof of claim is not the entrée to liability. Rather, it is the content of that proof of claim that gives rise to potential liability under the FDCPA. Crawford posits that a debtor in bankruptcy is entitled to the same protections under the FDCPA against abusive filings in the Bankruptcy Court that he would receive in any other Court in the United States. Crawford further posits that the true issue in the case is not whether the actions complained of took place in the Bankruptcy Court but whether those actions violate the FDCPA.

In the case of *In re Avery, 434 B.R. 895 (M.D. Ala. 2010)* the Honorable Myron Thompson considered the grant of summary judgment in a bankruptcy case on an FDCPA claim and reversed and remanded the same for further proceedings before the Bankruptcy Court. In brief in the *Avery* case it was argued, by the undersigned, that Judge Thompson should expressly adopt the holding of *Randolph v. IMBS, Inc., 368 F.3d 726, 728 (7th Cir. 2004).*

*Randolph* is the seminal circuit level case touching the interplay between the FDCPA and the Bankruptcy Code. In *Randolph* the defendants argued that the FDCPA was preempted by the

Bankruptcy Code. The Seventh Circuit engaged in a thoughtful analysis and a thorough explanation of the interplay between incongruous federal statutes holding that:

> "The Bankruptcy Code does not preempt the FDCPA because one federal statute cannot preempt another. *Id*. Two statutes that address the same subject in different ways may have one statute repeal the other implicitly or by implication; however, that is a rare occurrence." *Id*. To accomplish repeal, either there must be irreconcilable conflict between the two statutes or a "clearly expressed legislative decision that one replace the other. *Id*. The FDCPA and the Bankruptcy Code do not add up to irreconcilable conflict nor has Congress expressly stated that one replace the other. *Id*. Instead, the statutes overlap and both statutes are "easy to enforce." *Id*. "Any debt collector can comply with both simultaneously." *Id*. Each statute has coverage that the other lacks. *Id. at 731*.
>
> "The [Bankruptcy] Code covers all persons, not just debt collectors, and all activities in bankruptcy; the FDCPA covers all activities by debt collectors, not just those affecting debtors in bankruptcy." *Id*.
>
> "The FDCPA sets a lower standard of liability and provides lower damages. Id. It also deals with class actions, maximum recovery, attorneys' fees, and the period of limitations. Section 362 violations are more of a contempt of court proceeding." *Id*.
>
> The FDCPA and the Bankruptcy Code are "simply different rules with different requirements of proof and different remedies." *Id. at 732*. Thus, the FDCPA and the Bankruptcy Code can co-exist and courts can enforce both. *Id. at 731*. See *Humana, Inc. v. Forsyth, 525 U.S. 299, 119 S. Ct. 710, 142 L.Ed.2d 753 (1999)*."
>
> *Randolph v. IMBS, Inc., 368 F.3d 726 (7th Cir. 2004)*.

*Randolph* went on to say that "as far as the FDCPA and the Bankruptcy Code, a demand for "immediate payment" while the debtor is in a bankruptcy case is "false in the sense that it asserts that money is due" even though that is not true due to the bankruptcy automatic stay. A debt collector's false statement, even if the speaker "is ignorant of the truth," is "presumptively

wrongful under the FDCPA." *Id*. Section 1692e(2)(A) creates a strict liability rule. *Id. at 730*. "Debt collectors may not make false claims, period." *Id*.

Without expressly adopting *Randolph* in his decision in *Avery* Judge Thompson reversed a summary judgment that had been entered on an FDCPA claim and sent the case back to the Bankruptcy Court for further proceedings. This finding makes clear that Judge Thompson accepted the premise in *Randolph* that the Bankruptcy Court has jurisdiction to hear FDCPA claims arising in that forum. If Judge Thompson had not accepted that premise then he could have simply withdrawn the reference and retained the FDCPA claim in his Court for trial. Nevertheless, it is clear from Judge Thompson's opinion in *Avery* that this Court may entertain and resolve FDCPA claims related to debt collector misconduct in the Bankruptcy Court.

If the Court accepts the premise of *Randolph* that the FDCPA applies to actions by debt collectors in the Bankruptcy Court then the only analysis is whether those actions violated the FDCPA.

It is beyond dispute that the filing of a proof of claim is the filer's certification that the filer is has a right to receive payment from a debtor, See Form B10, page 3, definition of Claim and definition of Proof of Claim. Form B10 is also filed under penalty of perjury (Form B10 page 2 "I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information and reasonable belief") and subject to FRBP 9011 (Form B10, page 2, Item 8 "date and signature"). It is therefore clear that the presentation of a claim form to the Bankruptcy Court seeking payment on a time-barred debt is a request for payment from the debtor's bankruptcy estate, which is made up of the income and assets of the debtor as defined by the Code. Further, it is clear that FDCPA case law has provided that an attempt to collect a debt after the expiration of the statute of limitations was a violation of the

Act since the Hon. Myron Thompson authored the opinion in *Kimber vs Federal Financial Corp. (1987, MD Ala.) 668 F. Supp 1480.*

It seems beyond cavil that an action which would violate the FDCPA in any other Court of the United States (or any State Court) should also violate the FDCPA and be actionable in the Bankruptcy Court. The debtor's rights under the FDCPA exist in parallel to the debtor's rights to seek protection under the law from abusive filings under the Rules of any Court.  A debt collector in a state court ejectment action or collection action is authorized to file those pleadings and supporting documents it deems necessary to support its claim in the non-bankruptcy forum by the applicable rules of Court.  If the debt collector seeks payment of an amount that the consumer does not owe, files a false affidavit or submits flawed documents the consumer has the right to invoke Rule 11 and seek appropriate sanctions in the State Court action.  Those rights would be cumulative and in addition to the consumer's rights to sue under the FDCPA.  The actions of the debt collector described above would clearly violate the FDCPA and liability would attach despite an applicable and parallel Rule of Court authorizing the filing of the documents in the case.  The distinction that other Courts have drawn between the right, under the applicable rules, to file pleadings and documents in the bankruptcy court and an exemption from liability under the FDCPA because the action is taken in Bankruptcy Court constitutes a judicially created litigation immunity in the Bankruptcy Court that is not supported by public policy or the holding in *Randolph* which says that the FDCPA does apply to actions in the Bankruptcy forum.  There is no sound policy reason or legal reason for this Court to give debt collectors a free pass on liability for improper conduct in this court simply because it is a bankruptcy forum.

Further, it is clear that LVNV/Resurgent's reliance on *Simpson* is misplaced. The *Simpson* decision does not delineate any difference between the conduct of a creditor in a bankruptcy proceeding and that of a debt collector. While the Code may authorize a creditor to file a time-barred claim the FDCPA does not authorize a debt collector to seek payment on a time-barred claim. This distinction was not drawn in *Simpson* nor in any of the other cases cited by LVNV/Resurgent. Under the Code, Heilig-Meyers certainly would have been able to file a time barred claim without incurring FDCPA liability because Heilig-Meyers was the *Creditor*. Likewise, LVNV/Resurgent could have filed a claim without incurring FDCPA liability as a debt collector if the claim was not *time-barred.* This again is a distinction that LVNV/Resurgent chooses to ignore in its brief and a distinction that is not drawn in any of the cases discussed by LVNV/Resurgent.

### IV.   IF THE COURT AGREES THAT THE FDCPA CLAIM IS DEFECTIVE, THE PLAINTIFF STILL HAS VALID CLAIMS WHICH CAN BE BROUGHT BY AMENDMENT

If the Court agrees with LVNV/Resurgent that the Plaintiff's complaint is defective, there are still valid claims which the Plaintiff should be allowed to bring by amendment. This Court has previously ruled from the Bench in the case of *In re Franklin, AP Number 11-03042 (ECF 22)* that certain statutory and common law claims can be subsumed and become part of a claim for civil contempt of the Rules and Procedures of the Bankruptcy Court. While the Plaintiff's present AP does not contain such a claim, if the Court finds that the current complaint should be dismissed, the Plaintiff requests leave to amend and file a claim for civil contempt of Federal Rules of Bankruptcy Procedure. Pursuant to Rule 3001(c)(2)(D)(ii) the Court may "award appropriate relief, including reasonable expenses and attorney's fees caused by the failure" and

pursuant to §105 of the Code the Court may enter any sanction or other order necessary to vindicate the Court's authority.

## V. CONCLUSION

Crawford argues that it is clear that this Court has jurisdiction to hear this claim and it is also clear that actions by a debt collector in the Bankruptcy court which violate the FDCPA can be remedied by an Adversary Proceeding in the Bankruptcy Court.  Further, Crawford urges that if the Court disagrees that the Court should allow Crawford to amend and make a claim for Civil Contempt as set out above in the brief. Based on these authorities and arguments, Crawford urges the Court to deny LVNV/Resurgent's motions to dismiss at ECF 5 and ECF 9.

Done and Filed this 24th day of June 2012.

                                        Respectfully submitted,


                                        /s/Nick Wooten
                                        Nick Wooten
                                        Nick Wooten - Bar No. WOO084
                                        Nick Wooten, LLC
                                        P.O. Box 3389
                                        Auburn, AL 36831
                                        Tel. (334) 887-3000
                                        Fax (334) 821-7720
                                        Email:  nick@nickwooten.com

CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing document on the following parties in interest either by first class U.S. Mail, postage prepaid, or via electronically on this the 24th day of June, 2012.

Neal W. Moore
FERGUSON, FROST & DODSON, LLP
2500 Acton Road, Suite 200
Birmingham, AL 35243

The Debtor

Curtis C. Reding
Chapter 13 Trustee
Via ECF system

All creditors on the matrix

                                                    */s/ Nick Wooten* _____
                                                    Of Counsel