UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re												Case No. 08-30192-DHW
												Chapter 13
STANLEY L. CRAWFORD,

      Debtor.
_____

STANLEY L. CRAWFORD,

      Plaintiff,

v.												Adv. Proc. 12-03033-DHW

LVNV FUNDING, LLC,
RESURGENT CAPITAL SERVICES, L.P.,
PRA RECEIVABLES MANAGEMENT, LLC

      Defendants.

## MEMORANDUM OPINION

Before the court is a motion to dismiss pursuant to FRBP 7012(b)(6)[1] filed by LVNV Funding, LLC (LVNV), Resurgent Capital Services, L.P. (Resurgent), and PRA Receivables Management, LLC (PRA) (hereinafter referred to collectively as "Defendants"). In particular, Defendants contend that the Debtor/Plaintiff's Fair Debt Collection Practices Act (FDCPA) claim is time-barred. For the following reasons, the Defendants' motion to dismiss will be granted.

### Jurisdiction

In this adversary proceeding, the Plaintiff asserts three counts. First, in Count 1, the Plaintiff objects to the allowance of the Defendants' proof of claim in the underlying bankruptcy proceeding. Plaintiff's objection is based solely on the fact that Defendants filed a

---

[1] FRBP 7012(b) makes FRCP 12(b)(6)-(i) applicable in bankruptcy proceedings.

time-barred proof of claim. Secondly, in Count 2, the Plaintiff requests relief for an alleged violation of the automatic stay. Similar to Count 1, the second count is solely based on the Defendants filing a stale proof of claim. Finally, in Count 3, the Plaintiff asserts a claim for an alleged violation of the Fair Debt Collection Practices Act. 15 U.S.C. § 1692k(d).

The court's jurisdiction in this adversary proceeding is derived from 28 U.S.C. § 1334 and from an order of the United States District Court for this district wherein that court's jurisdiction in title 11 matters was referred to the bankruptcy court. *See* General Order of Reference [of] Bankruptcy Matters (M.D. Ala. April 25, 1985). In Counts 1 and 2 of this adversary proceeding, the Plaintiff contests the allowance of Defendants' claim and alleges a violation of the automatic stay. Clearly, the allowance or disallowance of claims and alleged violations of the automatic stay in the bankruptcy proceeding are core matters under 28 U.S.C. § 157(b)(2)(B). Hence, this court's jurisdiction as to Counts 1 and 2 extends to the entry of a final order of judgment.

In Count 3, the Plaintiff contends that Defendants violated the FDCPA by filing a time-barred proof of claim. A claim under the FDCPA, however, evokes only this court's "related to" jurisdiction. *See* 28 U.S.C. §157(a). Therefore, this court's jurisdiction as to the FDCPA count does not ordinarily extend to the entry of a final judgment.

However, the distinction is only of importance in the event of a factual dispute. Upon appeal of a final judgment, the reviewing court reviews factual findings under the clearly erroneous standard whereas factual findings contained within a report and recommendation on a "related to" proceeding are reviewed *de novo*. Yet, here, there is no factual dispute between the parties so the distinction is one without a difference. Therefore, this court will treat this decision as a final judgment which may be reviewed on appeal.

## Procedural Background and Undisputed Facts

Crawford filed the instant adversary proceeding against the Defendants on May 3, 2012 seeking a determination regarding the aforementioned Counts 1, 2, and 3. Defendants, LVNV and Resurgent, filed a motion to dismiss (Doc. #9) arguing that the filing of a claim in the bankruptcy court, even one barred by the statute of limitations, does not constitute a violation of the FDCPA. Relying on *In re Simpson*, 2008 WL 4216317 (N.D. Ala. Aug. 29, 2008), this

court granted the Defendants' motion to dismiss. Following dismissal, the decision was appealed to the District Court for the Middle District of Alabama and affirmed (Doc. #29). The District Court decision was then appealed to the United States Court of Appeals for the Eleventh Circuit. The Eleventh Circuit held that Defendants' conduct violated the plain language of the FDCPA, and thus, the court vacated the dismissal and remanded to this court.

The Defendants subsequently filed a second motion to dismiss (Doc. # 48). They now argue that the Plaintiff's own FDCPA claim is time-barred by the applicable statute of limitations.

Relevant to the instant motion to dismiss, the facts are few and undisputed. Plaintiff filed the underlying chapter 13 petition in this court on February 2, 2008. On May 21, 2008, Defendants filed a proof of claim (Claim # 8) on a time-barred debt. Almost four years later, on May 3, 2012, Plaintiff filed the instant adversary proceeding alleging that the Defendants violated the FDCPA by filing a time-barred proof of claim in the underlying bankruptcy case.

**Conclusions of Law**

In considering a motion to dismiss under FRBP 7012(b)(6), the court accepts all of the Plaintiff's well-pleaded factual allegations as true and construes them in his favor. *Lopez v. First Union Nat. Bank of Fla.*, 129 F. 3d 1186, 1189 (11th Cir. 1997). Therefore, to survive a motion to dismiss, the complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009). The claim is plausible when the facts alleged are "enough to raise a right to relief above the speculative level. …" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The statute of limitations for an alleged FDCPA violation requires that the action be commenced "within one year from the date on which the violation occurs." 15 U.S.C. §1692k(d); *see also Maloy v. Phillips*, 64 F. 3d 607, 608 (11th Cir. 1995). While the Eleventh Circuit has not addressed the issue of when the statute begins to run for an alleged FDCPA violation based upon the filing of a proof of claim in bankruptcy, courts that have considered the issue conclude that the statute begins to run with the filing of the proof of claim. *See In re Simmerman*, 463 B.R. 47, 65 (Bankr. S.D. Ohio 2011); *Kline v. Mortgage Electronic Sec.*

*Systems*, 659 F. Supp. 2d 940, 952 (S.D. Ohio 2009); *In re Rice-Etherly*, 336 B.R. 308, 313 (Bankr. E.D. Mich. 2006).

The Plaintiff does not dispute that this action was filed outside of the one-year limitation for filing a FDCPA claim. Instead, Plaintiff argues that the one-year limitation simply does not apply because the instant adversary proceeding is a compulsory counterclaim or, alternatively, a claim in recoupment, and that such claims are not subject to the one-year limitation.[2] The court disagrees.

A compulsory counterclaim must arise out of the same transaction or occurrence as the opposing party's claim.[3] An alleged FDCPA violation arises from the collection of a debt. The practices used in collecting the debt have no bearing on whether the debt itself is ultimately valid or not. The lack of relation between claims makes clear that the actions, disputing a proof of claim and filing an adversary proceeding regarding a FDCPA violation, do not arise out of the same transaction and occurrence. Hence, a claim of an alleged FDCPA violation is not properly construed as a compulsory counterclaim. *See Azar v. Hayter,* 874 F. Supp. 1314, 1317 (N.D. Fla. 1995)(holding "Plaintiff's FDCPA claim has nothing to do with whether the underlying debt is valid. A FDCPA claim concerns the method of collecting the debt. It does not arise out of the transaction creating the debt."). While the court recognizes that a compulsory counterclaim is not subject to the one-year limitation, Plaintiff's claim cannot properly be classified as a compulsory counterclaim for the aforementioned reasons. Thus, the FDCPA's one-year limitation will apply.

Similarly, Plaintiff's argument that this action is one in recoupment also fails. The United States Bankruptcy Court, Northern District of Alabama, Western Division recently described how recoupment and compulsory counterclaims are now seemingly

---

[2] *See Plaintiff's Opposition Brief, at 8* (citing *Exxon Corp. v. Dep't of Conservation & Natural Res.*, 859 So. 2d 1096, 1102 (Ala. 2002)("a compulsory counterclaim is not subject to the defense of [statute of] limitations"); (citing *Bull v. United States*, 295 U.S. 247, 262 (1935)("[R]ecoupment is in the nature of a defense arising out of some feature of the transaction upon which the plaintiff's action is grounded. Such a defense is never barred by the statute of limitations so long as the main action itself if timely.").

[3] "A pleading must state as a counterclaim any claim that – at the time of its service – the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." FRBP 7013(a)(1)(A).

indistinguishable. *In re Gurganus*, 2015 WL 65089 *4 (Bankr. N.D. Ala. Jan. 5, 2015). Specifically, the court stated:

> "Recoupment is, 'The right of a defendant to have the plaintiff's claim reduced or eliminated because of the plaintiff's breach of contract or duty in the same transaction. *Black's Law Dictionary* (9th ed.2009). [Recoupment] is, in other words, '[a] counterclaim arising out of the same transaction or occurrence as the one on which the original action is based.' *Id.* Hence, to the extent of the amount of the debt owed by the defendant to the plaintiff, the terms 'compulsory counterclaim' and 'recoupment' are virtually synonymous. In modern practice, the term recoupment has been replaced by the compulsory counterclaim. *Id.* 'Plea of recoupment' or 'recoupment' shall refer to a compulsory counterclaim. Ala.R.Civ.P. 81(e)."

*In re Gurganus*, *supra* at *4 (citations omitted). Having found that a FDCPA claim is not a compulsory counterclaim because it does not arise out of the same transaction and occurrence as the underlying debt, it follows that a FDCPA claim is neither a claim in recoupment.

Yet, Plaintiff's relies on *Gibson v. Parish*, 360 Fed. Appx. 974, 978-79 (10th Cir. 2010) which in turn cites to Eleventh Circuit authority, *In re Ferris*, 764 F. 2d 1475 (11th Cir. 1985) in support of his arguments regarding this action being in the nature of a compulsory counterclaim or alternatively, a claim in recoupment. However, such reliance is misplaced. Plaintiff disregards key distinctions between this proceeding and *Ferris* and *Gibson*.

Specifically, the bankruptcy court in *In re Gurganus* determined: "it was the *recoupment savings clause* in the [Truth in Lending Act] TILA statute of limitations that not only created the counterclaim exception, but also allowed a complaint to be filed outside of the TILA statute of limitations." 2015 WL 65089, at *5 (emphasis in original). The court concluded that without a similar savings clause in the FDCPA, as in TILA, "there is no 'counterclaim' possibility in a FDCPA case like the one the Eleventh Circuit referred to in *Ferris*." *Id.* In short, the *Ferris* decision is based a TILA counterclaim and not a FDCPA claim which is absent of a similar recoupment savings clause. Plaintiff failed to recognize, or otherwise address, this key distinction regarding the nature of the underlying adversary proceeding.

Moreover, in *Gibson*, the adversary proceeding, coupled with an objection to a proof of claim, was construed as a counterclaim. Unlike here, the *Gibson* adversary proceeding was regarding the validity of the proof of claim. As addressed previously, an alleged FDCPA

violation does not concern the underlying validity of a claim, but instead disputes the method of collecting the debt. *See Azar, supra*, at 1317. Because of these key distinctions, *Gibson* and *Ferris* are not persuasive in regard to this matter. Plaintiff's FDCPA claim is neither a compulsory counterclaim, nor a claim in recoupment. Instead, this court agrees with and is inclined to follow the reasoning relied on by Defendants that was set forth in *Azar* and *In re Gurganus.*

Finally, neither party addressed, in brief or otherwise, Count 2 of Plaintiff's Complaint regarding whether the filing of a stale proof of claim is a violation of the automatic stay. However, it is clear to this court that the filing of a proof of claim does not violate the automatic stay. *See In re Sammon,* 253 B.R. 672, 681 (Bankr. D.S.C. 2000) (holding "the automatic stay serves to protect the bankruptcy estate from actions taken by creditors outside the bankruptcy court forum, not legal actions taken within the bankruptcy court. The filing of a Proof of Claim before a bankruptcy court … is the logical equivalent of a request for relief from the automatic stay, which cannot in itself constitute a violation of the stay pursuant to § 362(h)."); *In re Hanson,* 526 B.R. 916, 919 (Bankr. M.D. Fla. 2015) (quoting *Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1262 (11th Cir. 2014)) ("The automatic stay, however, 'does not prohibit the filing of a proof of claim to collect a debt within the bankruptcy process.'"); *In re McLean*, 794 F.3d 1313, 1320 (11th Cir. 2015); *In re Moore,* 521 B.R. 280 (Bankr. E.D. Tenn. 2014); *In re Roman,* 2013 WL 6911375, *3 (Bankr. N.D. Ga. Dec. 12, 2013); *In re Clayton*, 2010 WL 4008335, *3 (Bankr. E.D. Wash. Oct. 12, 2010). Pursuant to 11 USC §502(b), a debtor may object to a proof of claim as being barred by the statute of limitations and request that the claim be disallowed as such. *See In re Andrews,* 394 B.R. 384, 388 (Bankr. E.D. N.C. 2008); *In re Varona,* 388 B.R. 705 (Bankr. E.D. Va. 2008). The mere filing of a stale proof of claim by a creditor is not a stay violation.

## Conclusion

For the foregoing reasons, the instant proceeding is due to be dismissed because it was not filed within one year of the action complained of and is barred by the one-year FDCPA statute of limitations. A separate order will enter granting the Defendants' motion and dismissing the adversary proceeding.

Done this the 29th day of September, 2015.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c:	Nicholas H. Wooten, Attorney for Plaintiff
	Neal D. Moore, Attorney for Defendants